UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANDY ALLEN EASTER                                         CIVIL ACTION

VERSUS                                                    NO.  13-5849

LAFOURCHE PARISH                                         SECTION "C" (4)
DISTRICT ATTORNEYS OFFICE, ET  AL.

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.      **Factual Summary**

On September 20, 2013, Plaintiff, Randy Allen Easter ("Easter"), filed this *pro se* and *in forma pauperis* complaint against the Lafourche Parish District Attorney's Office and the 17th Judicial District Court for the Parish of Lafourche (collectively "the Defendants").[1]  Easter alleges that on October 25, 2001, he entered into a contract / plea agreement with the Defendants.[2]  He alleges that the Defendants have now breached the contract / plea agreement they entered into with

_____

[1]*See* Rec. Doc. 3, p. 1.

[2]*Id.* at p. 5.

him because they used a prior conviction of his more than ten (10) years later.  As a result, Easter seeks a decision by this court that the Defendants violated the contract / plea agreement, as his incarceration was extended.

Easter also alleges that he was not arraigned within the allotted time under docket number 502169,[3] and that the State has admitted that he was illegally detained for nine days. As a result, he seeks compensation in the form of monetary damages for being held illegally by the Defendants.

## II.    Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a).

Federal law further requires that on review, the court shall "identify cognizable claims or dismiss the complaint, or any portion [thereof], if the complaint . . . is (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see e.g., Wilkerson v. 17th Judicial Dist. Court, Parish of Lafourche*, No. 08-1196, 2009 WL 249737 (E.D. La. Jan. 30, 2009).

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides "that the Court shall dismiss the case at any time if the court determines that [] the action is . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B).

---

[3]*Id.*

The United States Fifth Circuit Court of Appeals has noted that "a district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and that a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)

As such, Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to sua sponte dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 326-27 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir.1994). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992). In making this determination, the Court has "not only the

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327; *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

## III.   <u>Analysis</u>

Easter named the Lafourche Parish District Attorney's Office and the 17th Judicial District Court for the Parish of Lafourche as Defendants in this action.  However, neither defendant is a proper party.

Section § 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of state law." *See* Title 42 U.S.C.§ 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether these defendants can be sued.[4] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as an "entity to which the law attributes personality, such as a corporation or partnership." *See* La. Civ. Code Ann. art. 24.

Thus Lafourche Parish District Attorney's Office and the 17th Judicial District Court for the Parish of Lafourche are not entities capable of being sued under Louisiana law, nor are they persons capable of being sued under 42 U.S.C. § 1983. *Burge v. Parish of St. Tammany*, No. 91-2321, 1997 WL 10243, at *8 (E.D.La. Jan.8, 1997), *aff'd in part*, 187 F.3d 452 (5th Cir. Aug. 25, 1999); *Steed v. Delohery*, No. 96 CIV. 2449(RPP), 1998 WL 440861, *1 (S.D.N.Y. Aug.4, 1998) (county district

---

[4]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed. R. Civ. P. 17(b).

attorney's office is not a legal entity capable of suing or being sued under New York law); *Jacobs v. Port Neches Police Dep't,* 915 F.Supp. 842, 844 (E.D.Tex.1996) (same under Texas law); *Wilkerson v. 17ᵗʰ Judicial Dist. Court, Parish of LaFourche,* No. 08-1196, 2009 WL 249737 at *3-4(E.D. La. 2009)(state court is not a "person" subject to suit under §1983 and is also barred from being sued pursuant to Eleventh Amendment Immunity) (citing *Clark v. Clark,* 984 F.2d 272, 273 (8th Cir.1993); *Moity v. Louisiana State Bar Association,* 414 F.Supp. 180, 182 (E.D.La.), *aff'd,* 537 F.2d 1141 (5th Cir.1976); *Stewart v. Criminal District Court of Louisiana,* Civ. Action No. 08–3731, 2008 WL 4758610, at *2 (E.D.La. Oct.30, 2008); *Rackley v. Louisiana,* Civ. Action No. 07–504, 2007 WL 1792524, at *3 (E.D.La. June 21, 2007); *Knight v. Colens,* Civ. Action No. 06–4538, 2006 WL 2849774, at *5 (E.D.La. Oct.3, 2006); *Harris v. Louisiana State Supreme Court,* 334 F.Supp. 1289, 1300 (E.D.La.1971); (it is clear that the Eleventh Amendment bars § 1983 claims against a state court) (*Jefferson v. Louisiana State Supreme Court,* 46 Fed. App'x 732 (5th Cir.2002); *Southern Christian Leadership Conference v. Supreme Court of State of Louisiana,* 252 F.3d 781, 783 n. 2 (5th Cir.2001); *Landers Seed Co., Inc. v. Champaign National Bank,* 15 F.3d 729, 731–32 (7th Cir.1994); *Clark,* 984 F.2d at 273; *Rackley,* 2007 WL 1792524, at *3).

Accordingly, any claims against the Lafourche Parish District Attorney's Office and the 17ᵗʰ Judicial District Court for the Parish of Lafourche should be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983.

## IV.  RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff, Randy Allen Easter's claims against Defendants, the Lafourche Parish District Attorney's Office and the 17th Judicial District Court for the Parish

of Lafourche be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 30th day of January, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.