UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RANDY ALLEN EASTER | CIVIL ACTION |
| VERSUS | No. 13-5849 |
| The 17th JUDICIAL DISTRICT COURT FOR LAFOURCHE PARISH and the LAFOURCHE PARISH DISTRICT ATTORNEY'S OFFICE | Section C(4) |

## ORDER and REASONS[1]

Before the court is an action under 42 U.S.C. §1983 brought pro se by plaintiff, Randy Allen Easter. Rec. Doc. 3. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. §636 (b) and (c), §1915(e)2 and §1915A, and recommended that this court dismiss this action as frivolous and for failing to state a claim for which relief can be granted pursuant to 42 U.S.C. §1983. Having reviewed the Report and Recommendations, as well as the pleadings and applicable law, this Court finds that the Magistrate's recommendations, with some clarification, do correctly lead to the dismissal of this claim.

## I. Claims against the 17th Judicial District Court of Lafourche Parish

The Magistrate Judge correctly found that the 17th Judicial District Court for the Parish of Lafourche is not a "person" under §1983 and has immunity from suit via the Eleventh Amendment. See *Jefferson v. Louisiana State Supreme Court*, 46 F. App'x 732 (5th Cir. 2002); *Moity v. Louisiana State Bar Ass'n*, 414 F. Supp. 180, 182 (E.D. La. 1976) aff'd, 537 F.2d 1141 (5th Cir. 1976); *Wilkerson v. 17th Judicial Dist. Court, Parish of Lafourche*, No. 08-1196, 2009 WL 249737, at *3 (E.D. La. Jan. 30, 2009); *Rackley v.*

---

[1] Ardis Strong, a second-year student at Brooklyn Law School, assisted with the preparation of this order.

*Louisiana*, No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007). Judges also enjoy absolute immunity from liability for their judicial acts. *Forrester v. White*, 484 U.S. 219, 225 (1988). This is designed to preserve appellate review as the procedure for correcting judicial error. *Id.* Thus, amending the complaint to add 17th Judicial District Judge Ashley Simpson, would not change the outcome of this review. Rec. Doc. 5 at 4. Judge Simpson issued a decision on Easter's claim of illegal detention in February of 2012, Rec. Doc. 3 at 8. Therefore, Easter must pursue this claim through the state appeals process, not through a §1983 action.

**II. Claims against the Lafourche Parish District Attorney's Office**

A parish District Attorney's office is considered "an independent local government entity" for the purpose of §1983 and therefore does not enjoy the qualified immunity of the state courts. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 469-470 (5th Cir. 1999), see also *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987). Thus, it is possible that Easter could bring an action against the Lafourche Parish District Attorney's office, or District Attorney Camille Morvant, if Easter can properly allege that Morvant showed deliberate indifference to official policies leading to the violations of rights alleged in the complaint. See *Burge,* 187 F.3d. at 466.

In this case, Easter's pleadings do not contain adequate factual allegations of deliberate indifference to civil rights' violations by the Lafourche District Attorney's Office or District Attorney Morvant. Rather, Easter alleges that the District Attorney arraigned him on an incorrect charge. However, this is not a valid claim under a §1983 action. "When 'a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence,' the Court held, § 1983 is not an available remedy." *Skinner v. Switzer*, 131 S. Ct. 1289, 1298 (2011) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).  Furthermore, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Because what Easter essentially seeks is a shorter sentence, a §1983 action is not appropriate for this claim.

### III. Conclusion

Accordingly, **IT IS ORDERED** that Plaintiff, Randy Allen Easter's claims against defendants, the Lafourche Parish District Attorney's Office and the 17th Judicial District Court for the Parish of Lafourche, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief may be granted pursuant to 42 U.S.C. §1983.

New Orleans, Louisiana, this 6th day of August, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**